# In the United States Court of Federal Claims
**OFFICE OF SPECIAL MASTERS**
No. 20-1287V
UNPUBLISHED

| | |
|---|---|
| ALEX BROWN,<br><br>　　　　　　　Petitioner,<br>v.<br><br>SECRETARY OF HEALTH AND<br>HUMAN SERVICES,<br><br>　　　　　　　Respondent. | Chief Special Master Corcoran<br><br>Filed: August 15, 2022<br><br>Special Processing Unit (SPU);<br>Ruling on Entitlement; Concession;<br>Table Injury; Tetanus Diphtheria<br>acellular Pertussis (Tdap) Vaccine;<br>Shoulder Injury Related to Vaccine<br>Administration (SIRVA) |

*Ronald Craig Homer, Conway, Homer, P.C., Boston, MA,* for Petitioner.

*Matthew Murphy, U.S. Department of Justice, Washington, DC,* for Respondent.

## RULING ON ENTITLEMENT[1]

On September 29, 2020, Alex Brown filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*[2] (the "Vaccine Act"). Petitioner alleged that he suffered a shoulder injury related to vaccine administration ("SIRVA"), a defined Table Injury, after receiving the tetanus, diphtheria, acellular pertussis ("Tdap") vaccine on October 29, 2018. Petition at 1, ¶¶ 1, 3. On August 18, 2021, Petitioner filed a more detailed, amended petition, alleging the same. Amended Petition at 1, ¶ 2. Petitioner further alleged that he received the vaccination in the United States, that he suffered the residual effects of his SIRVA for more than six months, and that neither he nor any other party has filed a civil action or received compensation for his

---

[1] Because this unpublished Ruling contains a reasoned explanation for the action in this case, I am required to post it on the United States Court of Federal Claims' website in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services). **This means the Ruling will be available to anyone with access to the internet.** In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all section references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2012).

SIRVA. *Id.* at ¶¶ 35-37. The case was assigned to the Special Processing Unit of the Office of Special Masters.

On August 12, 2022, Respondent filed his Rule 4(c) Report in which he concedes that Petitioner is entitled to compensation in this case. Respondent's Rule 4(c) Report at 1. Specifically, Respondent believes "that [P]etitioner alleged injury is consistent with SIRVA of the right shoulder and that evidence filed establishes the requirements of a Table injury claim for SIRVA following a flu vaccination on October 29, 2018." *Id.* at 8. Respondent further agrees that "based on the record as it now stands, [P]etitioner has satisfied all legal prerequisites for compensation under the Act." *Id.*

In the Rule 4(c) Report, Respondent adds that he "does not believe that all of [P]etitioner's shoulder issues are vaccine-related, including [P]etitioner's labral tear, arthritis/osteoarthritis, and chondral head defects." *Id.* at 8-9. This issue will be addressed during the damages phase of the case.

**In view of Respondent's position and the evidence of record, I find that Petitioner is entitled to compensation.**

**IT IS SO ORDERED.**

<u>s/Brian H. Corcoran</u>
Brian H. Corcoran
Chief Special Master